IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


WILLIAM A. ANSELL,

    Plaintiff,

vs.	CASE NO.: 4:13cv454-MW/CAS

MICHAEL CREWS, et al.,

    Defendants.

_____/

### ORDER and REPORT AND RECOMMENDATION

After review of the pro se Plaintiff's second amended complaint, doc. 27, an Order was entered directing Plaintiff to submit a third amended complaint.  Doc. 28.  Various deficiencies were noted for Plaintiff and he was directed to delete his claim against Defendant Crews.  *Id.*  The other two named Defendants were prison officials at Taylor Correctional Institution.  Doc. 27.

At the time the Order was entered, Plaintiff's amended "motion seeking protection" had not yet been entered on the docket.  That motion, doc. 29, has now been considered and should be denied.  Plaintiff advises that he has been transferred and is currently housed at Jackson Correctional Institution.  *Id.*  Plaintiff contends that he has been harassed by the administration and classification officials there, attempting to force him into a substance abuse program and writing him a disciplinary report for

refusing the program and "refusing to work." *Id.* Plaintiff alleges he has been physically threatened by a captain while in confinement. *Id.* Plaintiff seeks protection and believes his life is in danger. *Id.*

As noted above, Plaintiff's motion has been filed in a case which is against Defendant prison officials from Taylor Correctional Institution. The Defendants in this action, at present, are Officer Bird, and a supervisor, Mary Anna, both of whom are employed at Taylor Correctional Institution, and the Department of Corrections Secretary Michael Crews. However, the persons identified in the instant motion, doc. 29, are located at Jackson Correctional Institution.

Rule 65(d) of the Federal Rules of Civil Procedure provides that an order granting an injunction and every restraining order binds only the parties, their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation with" the parties. FED. R. CIV. P. 65(d). It is well established that "a court may not enter an injunction against a person who has not been made a party to the case before it." E.A. Renfroe & Co., Inc. v. Moran, 338 F.App'x 836, 839 (11th Cir. 2009), citing Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 96 F.3d 1390, 1394 (Fed. Cir. 1996); *see also* Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (noting that "[i]t is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process.")(citation omitted).

Plaintiff's motion was not properly filed in this case because the Defendants named in this action are not the persons referenced in this motion and there are no

allegations that the officials at Jackson Correctional Institution are working "in active concert or participation" with any named Defendant. No relief can be provided to Plaintiff on this motion and the Court cannot provide the relief requested by Plaintiff. Therefore, Plaintiff's motion seeking protection, construed as a motion for a temporary restraining order, should be denied.

Should Plaintiff desire to bring a lawsuit against persons at Jackson Correctional Institution who Plaintiff believes have violated his rights, Plaintiff must pursue this matter in a separate civil action, after exhausting administrative remedies. The Clerk of Court will be directed to provide the appropriate forms to Plaintiff along with this Order and Report and Recommendation.

Finally, Plaintiff is reminded that whenever he is moved or transferred, he is required to submit a notice of address change to the Clerk of Court. Plaintiff's new address is noted on this motion, but the Clerk is not responsible for verifying Plaintiff's address on documents filed. In the future, Plaintiff must file a notice with the Clerk providing his new address.

Accordingly, it is

**ORDERED:**

1. In the event Plaintiff desires to file a new lawsuit, the Clerk of Court shall furnish Plaintiff with a civil rights complaint form and in forma pauperis application for state prisoners along with this Order and Report and Recommendation.

2. The Clerk of Court shall note on the docket Plaintiff's new address as provided on the motion for protection, doc. 29.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's amended motion seeking protection, doc. 29, construed as a motion for temporary restraining order, be **DENIED** because the persons identified in the motion are not Defendant in this case, and the case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 13, 2014.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**