IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


WILLIAM A. ANSELL,

    Plaintiff,

vs.                                             CASE NO.: 4:13cv454-MW/CAS

MICHAEL CREWS, et al.,

    Defendants.

_____/

## SECOND REPORT AND RECOMMENDATION

On March 13, 2014, a Report and Recommendation was entered, doc. 30, on Plaintiff's amended motion seeking protection, doc. 29, which was construed as a motion for temporary restraining order. On March 17, 2014, Plaintiff filed another motion, doc. 31, which is construed as a successive motion for temporary restraining order. Notably, an Order was entered on March 11, 2014, directing Plaintiff to file a third amended complaint and pointing out various deficiencies in Plaintiff's second amended complaint. *See* docs. 27, 28. The Defendants named in Plaintiff's second amended complaint were Secretary Michael Crews and two prison officials at Taylor Correctional Institution. Doc. 27.

The instant motion, doc. 31, like Plaintiff's prior motion, doc. 29, concerns events at Jackson Correctional Institution. Plaintiff generally alleges harassment by unnamed

prison officials there, but he argues that he is serving an illegal sentence, a claim that is not appropriate for a civil rights action. Plaintiff seeks protection because he believes his life is in danger, and he seeks an Order that would remove him from Jackson Correctional Institution. Doc. 31 at 5.

As noted above, Plaintiff's motion has been filed in a case which is against prison officials from Taylor Correctional Institution. However, the persons about whom Plaintiff complains in the instant motion, doc. 31, are located at Jackson Correctional Institution. Rule 65(d) of the Federal Rules of Civil Procedure provides that an order granting an injunction and every restraining order binds only the parties, their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation with" the parties. FED. R. CIV. P. 65(d). It is well established that "a court may not enter an injunction against a person who has not been made a party to the case before it." E.A. Renfroe & Co., Inc. v. Moran, 338 F.App'x 836, 839 (11th Cir. 2009), citing Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 96 F.3d 1390, 1394 (Fed. Cir. 1996); see also Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (noting that "[i]t is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process.")(citation omitted).

Plaintiff's motion was not properly filed in this case because the Defendants named in this action are not the persons referenced in this motion and there are no allegations that the officials at Jackson Correctional Institution are working "in active concert or participation" with any named Defendant. Moreover, Plaintiff provides no

names of the persons who have allegedly threatened him or harassed him.  No relief can be provided to Plaintiff on this motion and the Court cannot provide the relief requested by Plaintiff.  Therefore, Plaintiff's successive motion seeking protection, construed as a motion for a temporary restraining order, should be denied.

If Plaintiff believes that his life is in danger, Plaintiff is urged to utilize the Department of Corrections procedures to request protective custody.  Plaintiff may also file an Emergency Grievance if he reasonably believes he faces a substantial risk of personal harm.  Finally, Plaintiff is reminded that he is required to submit a notice of change of address to the Clerk of Court anytime he is transferred or otherwise is moved to a new housing location.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion, doc. 31, construed as another motion for temporary restraining order, be **DENIED** because the persons identified in the motion are not Defendant in this case, and the case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 24, 2014.

          S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.