IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


WILLIAM A. ANSELL,

    Plaintiff,

vs.                                        CASE NO.: 4:13cv454-MW/CAS

MICHAEL CREWS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    The pro se Plaintiff has filed his fifth amended complaint, doc. 45, a document titled as a motion for a continuance, doc. 46, and a letter to the clerk, doc. 47.  Plaintiff's letter seeks protection from undisclosed persons.  Plaintiff contends he is subjected to chemical agents at Jackson Correctional Institution and contends the chemical agents have been on his body for 38 hours.  Doc. 47.  Construed as a motion for protection, the allegations will be considered along with Plaintiff's fifth amended complaint.

    Plaintiff's motion, doc. 46, also complains about the use of chemical agents, but does not request additional time.  The only specific relief Plaintiff requests from the Court is for an investigation.  The motion should be denied.  This Court does not investigate claims or events within the Department of Corrections.

Plaintiff's fifth amended complaint, doc. 45, has now been reviewed. Plaintiff is housed at Jackson Correctional Institution where the three named Defendants are also located. *Id.* at 2. Plaintiff complains that Defendant Henderson used chemical agents on him although Plaintiff was not causing a disturbance or violating the rules. *Id.* at 5-6. Plaintiff claims Defendants Henderson, Green, and McCulluin conspired together and fabricated a reason to use pepper spray on Plaintiff. *Id.* at 6. Plaintiff was sprayed with chemical agents on April 9, 2014, and then only allowed Plaintiff to shower for 3½ minutes. *Id.* Plaintiff seeks monetary damages for the use of the chemical agents. *Id.* at 7.

Plaintiff initiated this case nearly a year ago on August 12, 2013. Doc. 1. Numerous opportunities have been extended to Plaintiff to submit a viable complaint. Plaintiff has been unable to do so. Plaintiff's amended complaints have undergone significant changes, dismissing defendants and naming new persons as defendants, and bringing new, unrelated claims concerning different time periods. *Cf.* docs. 1, 25, 27, 33, 36, and 45. This case initially presented complaints about events at Taylor Correctional Institution where Plaintiff was then confined, but seems to evolve to the latest incident which bothers Plaintiff See doc. 38. After review of the fourth amended complaint, Plaintiff was "reminded that he [could not] pursue claims which have taken place since Plaintiff initiated this case because Plaintiff could not have exhausted his administrative remedies concerning such claims." Doc. 44. Plaintiff did not heed that warning.

Plaintiff was also reminded that the fifth amended complaint would be Plaintiff's final opportunity to submit a viable amended complaint. Doc. 44. No further

opportunities to amend should be provided. Plaintiff has not demonstrated that he is willing to comply with court orders which have explained to him the deficiencies with his prior amended complaints. For example, the fifth amended complaint once again does not state the factual allegations in short, numbered paragraphs.

A prisoner may not bring a § 1983 action concerning his prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e(a) is a mandatory, pre-condition to suit and there is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Booth v. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); see also Porter v. Nussle, 534 U.S. 516, 524–25, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."); Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998).

The Supreme Court held in Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), that exhaustion is not a pleading rule that falls upon a prisoner to demonstrate in the complaint; rather, it is an affirmative defense. 549 U.S. at 211-212, 127 S.Ct. at 919. Courts generally should not depart from the usual practice under the Federal Rules of Civil Procedure which treat exhaustion as an affirmative defense. Jones, *Id.* at 212, 127 S.Ct. at 919. Yet when it appears on the face of a complaint that the case fails to state a claim, it may be dismissed pursuant to § 1915(e)(2)(B). *Id.*; *see also* Okpala v. Drew, 248 F. App'x 72, 73 at *1 (11th Cir. Aug. 24, 2007); Sanks v.

Willams, No. CV407-070, 2007 WL 3254368, at *2 (S.D. Ga. Nov. 2, 2007) (while a prisoner is not required to demonstrate exhaustion in his complaint, nothing precludes the sua sponte dismissal of the complaint where the prisoner affirmatively states that he has not exhausted his administrative remedies); Soler v. Bureau of Prisons, No. 3:03cv488, 2007 WL 496472, at *2 (N.D. Fla. Feb. 12, 2007) (dismissing claims sua sponte where "the allegations in the complaint, coupled with the numerous and various exhibits attached thereto, presented an adequate factual record and made clear that those claims had not been exhausted.").

Plaintiff's fifth amended complaint sufficiently demonstrates that the case should be dismissed. Plaintiff complains about events which have taken place well after the date of case initiation. Therefore, this case should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

In light of the recommendation of dismissal, the motion for protective custody must be denied. Preliminary injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

---

[1] Plaintiff is reminded that if a prisoner accumulates three § 1915(e)(2)(B) dismissals, the prisoner is precluded from proceeding with in forma pauperis status except in limited circumstances. 28 U.S.C. § 1915(g).

Case No. 4:13cv454-MW/CAS

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson County, 720 F.2d at 1519, citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Because Plaintiff's fifth amended complaint has been found insufficient to state a claim, Plaintiff has not demonstrated his entitlement to an injunction for protective custody. This case should be dismissed without prejudice to Plaintiff re-filing the case if and when he exhausts administrative remedies.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's fifth amended complaint, doc. 45, be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), that all other pending motions be **DENIED**, and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on July 3, 2014.

 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**